UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LEXINGTON INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CASE NO. C14-778 MJP<br><br>ORDER ON PLAINTIFF'S MOTIONS TO AMEND COMPLAINT AND CERTIFY QUESTION TO SUPREME COURT |

THIS MATTER comes before the Court on Plaintiff's motions to amend complaint and to certify question of state law to the Washington Supreme Court. (Dkt. Nos. 14, 20.) Having considered the Parties' briefing and all related papers, the Court finds that leave to amend would be futile and DENIES the motion to amend complaint. Plaintiff's motion to certify question is therefore DISMISSED as moot.

**Background**

This case involves a dispute over indemnification allegedly owed to Plaintiff Central Puget Sound Regional Transit Authority by Defendant Lexington Insurance Company. (Dkt.

No. 12 at 1-2.)  Plaintiff asserts causes of action for breach of contract, bad faith, and violation of the Washington Consumer Protection Act, stemming from Defendant's handling of Plaintiff's indemnification claims arising out of its third-party liability insurance policy.  (Id.)  Plaintiff now seeks to amend its complaint to include an additional cause of action for violation of Washington's Insurance Fair Conduct Act.  (Id.)  Recognizing that the logic of this Court's ruling in Cox v. Cont'l Cas. Co., Case No. C13-2288MJP, 2014 WL 2560433 (W.D. Wash. June 6, 2014), forecloses an Insurance Fair Conduct Act claim under the facts here, Plaintiff requests the Court grant leave to amend and then certify to the Washington Supreme Court the question of whether it may state an Insurance Fair Conduct Act claim.  (Dkt. Nos. 19, 20.)

**Discussion**

I. Legal Standards

    A. Leave to Amend

Whether to grant leave to amend "is within the sound discretion of the trial court" guided by Fed. R. Civ. P. 15's underlying purpose of facilitating decisions on the merits.  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).  In considering whether to permit amendment, courts consider the following factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint.  Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).  Futility can, by itself, justify denial of a motion for leave to amend.  Bonin v. Calderon, 59 F.3d 815 (9th Cir. 1995).  The consideration of prejudice to the opposing party, however, "carries the greatest weight."  Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013).

B. Certification to the Supreme Court

This Court may certify a question to the Washington Supreme Court when "it is necessary to ascertain the local law of this state in order to dispose of [a] proceeding and the local law has not been clearly determined." RCW 2.60.020. The certification process is designed to "build a cooperative judicial federalism" and serve the interests of judicial efficiency and comity. Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974). Use of the certification procedure "rests in the sound discretion of the federal court." Id.

Certification is particularly appropriate when there is no appellate authority interpreting a statute at issue, when the state law issue is especially complex, and when the issue has significant policy implications. Perez-Farias v. Global Horizons, Inc., 668 F.3d 588, 589, 593 (9th Cir. 2011). Stated differently, certification is appropriate where the law "is not entirely settled," and an answer to the question would "have far-reaching effects." Keystone Land & Dev. Co. v. Xerox Corp., 353 F.3d 1093, 1097 (9th Cir. 2003).

II. Leave to Amend

A. Futility

Resolution of this motion turns on whether the proposed amendment to include an Insurance Fair Conduct Act ("IFCA") claim is futile under the logic of this Court's ruling in Cox v. Cont'l Cas. Co., Case No. C13-2288MJP, 2014 WL 2560433 (W.D. Wash. June 6, 2014), because Plaintiff holds a third-party professional liability insurance policy and the IFCA applies only to "first party claimants." Defendant argues that amendment is futile because this case presents the exact question decided by the Court in Cox. (Dkt. No. 17 at 5-9.) Plaintiff agrees that Cox presents a problem for its position, but argues that the text of the statute requires a

contrary determination and requests that amendment be permitted and the issue be certified to the Supreme Court. (Dkt. No. 19 at 2.)

In Cox, the Court was presented with the issue of whether an IFCA claim could be asserted against an insurer that provided third-party liability insurance. Plaintiffs in that case alleged an IFCA violation against the insurer who provided professional liability insurance for their dentist. In examining the application of the IFCA, the Court wrote:

> Washington defines first-party insurance as a policy that "pay[s] specified benefits directly to the insured when a 'determinable contingency' occurs," "allow[ing] an insured to make her own personal claim for payment against her insurer." Mut. of Enumclaw Ins. Co. v. Dan Paulson Const., Inc., 161 Wash.2d 903, 914 n. 8, 169 P.3d 1 (2007) (citing Thomas W. Harris, Washington Insurance Law § 1.2 (2d ed.2006)). An example is renter's insurance. In contrast, a third-party insurance policy "indemnif[ies] an insured for covered claims which others [third-party claimants] file against him." Id. The professional liability policy Dr. Duyzend had with Continental is a third-party policy. Thus, he was never a "first party claimant" under the IFCA and could not assign an IFCA claim to Plaintiffs.

Cox v. Cont'l Cas. Co., Case No. C13-2288MJP, 2014 WL 2011238, at *5 (W.D. Wash. May 16, 2014), reconsideration denied, Case No. C13-2288MJP, 2014 WL 2560433 (W.D. Wash. June 6, 2014).

Plaintiffs in Cox moved for reconsideration and, just as Plaintiff Central Puget Sound Regional Transit authority does here, argued that the Court had conflated 'first-party coverage' with 'first-party claimant.' Cox v. Cont'l Cas. Co., No. C13-2288 MJP, 2014 WL 2560433, at *2 (W.D. Wash. June 6, 2014). Here, as in Cox, Plaintiff argues that "nothing in the statutory text exempts first party claimants under third party liability policies from coverage." (Dkt. No. 19 at 4.) The Court rejected this argument in Cox, finding that:

> [T]he text of the IFCA defines "first party claimant" in a narrow way that applies only to first-party insurance. In the definition, the IFCA requires the claimant to hold a policy requiring the insurer to "pay[ ]" benefits to that individual or entity upon the occurrence of a "contingency or loss." See RCW 48.30.015(4). Third-party insurance such as a malpractice policy does not conform to this definition.

ORDER ON PLAINTIFF'S MOTIONS TO AMEND
COMPLAINT AND CERTIFY QUESTION TO
SUPREME COURT- 4

Cox v. Cont'l Cas. Co., No. C13-2288 MJP, 2014 WL 2560433, at *2 (W.D. Wash. June 6, 2014).

Plaintiff here advances statutory interpretation arguments identical to Plaintiffs' arguments in Cox, cites to the same cases, and further contends that indemnification payments from an insurer for money paid by an insured are first-party claims because Defendant is obligated to pay benefits to Plaintiff directly upon a determinable contingency, here, a payment by Plaintiff to a third party for which Plaintiff seeks indemnification.  (Dkt. No. 19 at 3.)  Stated differently, Plaintiff argues it "is a first party claimant asserting a right to payment as a covered entity; it is not a third party claimant because it is not asserting a claim against a covered entity." (Id. (emphasis in original).)

As in Cox, the Court is not persuaded by Plaintiff's arguments, and concludes that leave to amend would be futile because Plaintiff cannot state an IFCA claim against Defendant.  Under Washington law, coverage which "indemnif[ies] an insured for covered claims which others [third-party claimants] file against him" is third-party coverage.  Mut. of Enumclaw Ins. Co. v. Dan Paulson Const., Inc., 161 Wash. 2d 903, 914 n.8 (2007).  As discussed in Cox, the IFCA defines "first party claimant" in a narrow way that applies only to first-party insurance.  See RCW 48.30.015(4).

Accordingly, the Court turns to the question of whether Plaintiff should nonetheless be able to amend its complaint so as to certify the question to the Washington Supreme Court.

III.    Certification to the Washington Supreme Court

Plaintiff argues this Court should allow amendment and certify the following question: "under IFCA, is an insured seeking coverage directly under its own insurance policy a first party claimant?"  (Dkt. No. 20 at 2.)  Plaintiff argues certification is appropriate because Washington

ORDER ON PLAINTIFF'S MOTIONS TO AMEND
COMPLAINT AND CERTIFY QUESTION TO
SUPREME COURT- 5

1  appellate opinions concerning IFCA are sparse and have not addressed the issue presented here,

2  because IFCA provides for punitive damages, significant because punitive damages are usually

3  not available in civil cases in Washington, and because certification would not unduly delay

4  proceedings in this Court. (Id. at 4-7.) Defendant argues that the issue presented has already

5  been decided by this Court, is not necessary to dispose of the proceedings, and does not have far-

6  reaching effects. (Dkt. No. 21.)

7        Certification is appropriate when "it is necessary to ascertain the local law of

8  [Washington] in order to dispose of a proceeding and the local law has not been clearly

9  determined," RCW 2.60.020, and where the state law issue has "significant policy implications,"

10  Perez -Farias, 668 F.3d at 593, and resolution would "have far-reaching effects." Keystone Land

11  & Dev., 353 F.3d at 1097.

12        This question has been considered, and ruled on, twice by this Court. Although the

13  moving party here was not involved in the earlier rulings, the issue is not unsettled. Absent a

14  new Washington appellate ruling that conflicts with this Court's rulings, certification is

15  inappropriate on these facts. See Robertson v. GMAC Mortgage, LLC, Case No. C12-2017MJP,

16  2013 WL 2351725, at *1 (W.D. Wash. May 30, 2013) (noting the "presumption against

17  certifying a question to a state supreme court after a federal district court has issued a decision").

18  Moreover, certification in this instance would not serve certification's goals of efficiency and

19  comity. Use of the certification procedure "rests in the sound discretion of the federal court."

20  Schein, 416 U.S. at 391. The Court finds certification inappropriate.

21        **Conclusion**

22        The Court finds that leave to amend Plaintiff's complaint would be futile because

23  Plaintiff cannot state an IFCA claim against Defendant as a matter of law. The Court finds

24

1 | certification of this question inappropriate, and thus declines to allow amendment for the purpose
2 | of certification. Accordingly, Plaintiff's motion to amend is DENIED and Plaintiff's motion to
3 | certify is DISMISSED as moot.

5 | The clerk is ordered to provide copies of this order to all counsel.
6 | Dated this 11th day of November, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER ON PLAINTIFF'S MOTIONS TO AMEND
COMPLAINT AND CERTIFY QUESTION TO
SUPREME COURT- 7